**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 20 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01289 RPM-MEH

DALLAS KORT, an individual,

    Plaintiff,

v.

ARCTIC CAT, a Minnesota corporation
doing business in the State of Colorado.

    Defendant.

## STIPULATED PROTECTIVE ORDER

The Court has been advised that the parties have agreed that certain documents produced in discovery in this case contain trade secrets and other confidential research, development or commercial information that must be protected pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties agree to the terms of the following Stipulated Protective Order.

Therefore, the Court finds good cause for the entry of this Protective Order under the Federal Rules of Civil Procedure, and hereby ORDERS that all documents and other information produced in this case by Defendants Arctic Cat Inc. and Arctic Cat Sales, Inc. (collectively, "Defendants") shall be produced subject to the following:

1.     The "Protected Information" shall consist of and include any and all of the following information and documents held by or known to Defendants containing trade secrets, confidential research and/or development information, and confidential commercial information. "Protected Information" shall be subject to protection under this Protective Order without regard

to the form it is stored, memorialized or contained, including but not limited to records, drawings, documents, communications, deposition testimony, discovery responses, videos, photographs, specifications, reports or computer or electronic storage media.

2.  Records, documents and tangible things containing "Protected Information" shall be marked "CONFIDENTIAL" by Defendants, and any records, documents or tangible things so marked shall be treated and subject to protection as "Protected Information" under this Protective Order unless otherwise ordered by the Court.

3.  Plaintiff and his attorneys of record agree not to disclose, copy or reproduce any Protected Information produced by Defendants in discovery in this case except as provided in this Protective Order. Plaintiff and his attorneys may disclose, copy or reproduce the Protected Information only in accordance with this Protective Order.

4.  Protected Information may be shown, disseminated, or disclosed only to the following persons (hereafter "Authorized Persons") for the purposes hereafter described:

   a.  All parties;

   b.  All parties' respective counsel and employees of counsel who assist in preparation or trial of this case; and

   c.  Experts and consultants retained by the respective parties' counsel for preparation or trial of this case, provided that no disclosure of Protected Information shall be made to any expert or consultant who is employed by a competitor of Defendants.

5.  Authorized Persons shall use the information only for the purpose of preparation and presentation of the above-captioned matter for trial (including all discovery and pre-trial proceedings, appeals and retrials), and shall not use such information for any other purpose.

6.      This Protective Order shall not apply to the disclosure of Protected Information by any party to the Court, court personnel or the jury through reception of testimony or evidence. The closure of trial proceedings and sealing of the record of trial, or part thereof, involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any party. Provided, however, if any Protected Information is to be attached to or incorporated into any pleading, motion, deposition, transcript, or other paper filed with the Court in this case, such Protected Information shall be filed or attached in a sealed envelope marked "Subject to Protective Order."

7.      All parties, their attorneys and Authorized Persons further agree to return all Protected Information contained in tangible or reproducible form, together with any copies and reproductions, to Defendants within thirty (30) days from final disposition of the above-captioned matter.

8.      Nothing in this Protective Order shall prevent or otherwise restrict the parties, their respective counsel or Authorized Persons, from using, marking on, or defacing the Protected Information contained in tangible form.

9.      Before being given access to any of the Protected Information, each person or entity described in paragraph 4(c) above shall be advised of the terms of this Protective Order, shall be given a copy thereof, and shall agree in writing to be bound by its terms and subject themselves to the jurisdiction and venue of the Court for purposes of enforcement thereof (SEE EXHIBIT "A" attached hereto). Respective counsel for all parties shall maintain the written agreement of each such person or entity. A copy of each of these written agreements shall be provided to Defendants within the earlier of: (a) ten (10) days after final disposition of the

above-captioned case; or (b) for any person whose identity has been disclosed to Defendants by Plaintiff, within ten (10) days after disclosure of the identity of such person.

10. To the extent the Protected Information is used in the taking of depositions or recorded pre-trial statements or testimony, the same shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony disclosing or revealing Protected Information.

11. After the conclusion of this case, the provisions of this Protective Order shall continue to be binding. The parties agree that the Court shall have jurisdiction over the parties and recipients of the subject documents for enforcement of the provisions of this Protective Order.

SO ORDERED:

BY THE COURT

_____  
~~Michael E. Hegarty, United States Magistrate~~  
Richard P. Matsch, Senior District Judge

Dated: August 20, 2007

*s/ Robert Erben*  
ROBERT ERBEN, Plaintiff's Attorney  
Moriarty, Leyendecker, Erben PC  
1123 Spruce Street, Suite 200  
Boulder, Colorado 80302

Dated: August 20, 2007

Original Signature on File at the Offices of Davis Graham & Stubbs LLP

*s/ Jeffrey R. Pilkington*  
JEFFREY R. PILKINGTON, Defendants' Attorney  
Davis, Graham & Stubbs LLP  
1550 Seventeenth Street, Suite 500  
Denver, Colorado 80202

Dated: August 20, 2007

Original Signature on File at the Offices of Davis Graham & Stubbs LLP

## EXHIBIT A: AUTHORIZED PERSON CERTIFICATION

I have read, understood, and agree to be bound by the terms and conditions of the Stipulated Protective Order entered in this lawsuit. I am acting on behalf of a party, specifically for the _____, in the capacity of an Authorized Person under paragraph 4 of the Stipulated Protective Order. I agree that I am subject to the jurisdiction and venue of the Court for purposes of enforcement of the Stipulated Protective Order.

_____
Signature

_____
Printed Name

_____
Date